**FILED**

MAR 22 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> v. ) <br> DEVON EARL FRYMAN, ) <br> Defendant. ) <br> _____ ) | No. CR 12-70247 MAG (DMR) <br><br> DETENTION ORDER |

## I. DETENTION ORDER

Defendant Devon Earl Fryman is charged in a criminal complaint with violations of 18 U.S.C. § 922(g)(1) and 924(h) (felon in possession of a firearm, and knowing transfer of a firearm with knowledge that it will be used to commit a crime of violence). On March 15, 2012, the United States moved for Mr. Fryman's detention and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study.

On March 22, 2012, Defendant waived the timing of his right to proffer information in support of his pretrial release, *see* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine

adverse witnesses, and to present information by proffer or otherwise), and retained his right to make a proffer at a later proceeding.

Based on the information currently available, the court finds clear and convincing evidence that Mr. Fryman presents a serious risk of flight as well as a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community.  18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## II.  CONCLUSION

The Court detains Mr. Fryman at this time.  Because Defendant waived the timing of his right to present information under 18 U.S.C. § 3142(f) without prejudice, the Court orders that the hearing may be rescheduled at Defendant's request.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 22, 2012

DONNA M. RYU
United States Magistrate Judge